**IN THE CIRCUIT COURT OF MARYLAND FOR CHARLES COUNTY**
**200 Charles Street, La Plata, Maryland 20646**

**Ronald L. Richardson,**
**5005 Celestial Lane**
**Brandywine, Maryland 20613-4169**

**Plaintiff**

**Vs** **Case No:** C12-139

**Equifax Information Services, LLC,**
**Richard F. Smith, Chairman and CEO,**
**1550 Peachtree Street, N.W.**
**Atlanta, Georgia 30309,**

**SERVE:** **Resident Agent,**
**CSC - Lawyers Incorporating**
**Service Company**
**7 ST. Paul Street, Suite 1660**
**Baltimore, Maryland 21202**

**Defendant(s)**

**COMPLAINT**
**(Fair Credit Reporting Act)**
**(Not Subject to Mandatory Arbitration)**
**Jury Trial Requested**

**STATEMENT OF FACTS:**

Plaintiff, Ronald L. Richardson, pro se, sues Equifax Information Services, LLC (Defendant) for multiple violations of the Fair Credit Reporting Act and alleges:

1. Plaintiff, Ronald L. Richardson ("Plaintiff") is a consumer as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. S1681a(c).

2. Defendant, Equifax Information Services, LLC, Inc, is a consumer reporting agency ("CRA") as defined by Fair Credit Reporting Act (FCRA) 15 U.S.C. S1681a(f).

3. Defendant, Equifax Credit Information Services, Inc, is a Georgia corporation with its office and principal place of business located within the Northern District of Georgia at 1550 Peachtree Street, Atlanta, Georgia 30309.

4. Defendant's Chairman and Chief Executive Officer of Equifax Information Services, LLC, Inc. (CRA) is identified as **Richard F. Smith.**

5. Plaintiff, Ronald L. Richardson, is a resident of Charles County, Maryland and currently resides at 5005 Celestial Lane, Brandywine, Maryland 20613-4169.

6. Plaintiff files this Complaint in the Circuit Court of Maryland For Charles County under section S 618. Jurisdiction of courts; limitation of actions (15 U.S.C. S 1681p) of the Fair Credit Reporting Act stating an action to enforce any liability created under this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises.

7. Defendant is a consumer reporting agency (CRA) that compiles and maintains files on consumers on a nationwide basis as that term is defined in Section 603(p), 15 U.S.C. S 1681a(p), of the Fair Credit Reporting Act (FCRA).

8. Defendant, Equifax Information Services, LLC (CRA) reported and disseminated inaccurate credit information to third parties regarding Plaintiff's credit history, specifically regarding a Public Records entry listing a civil judgment in the amount of $5,085.00 filed in Prince George's County District Court on 07/08/2011, Court Case Number: **050200323632010**, against Plaintiff.

**COUNT 1 - LOSS OF OPPORTUNITY**

9. As a result of Defendant(s) conduct, actions, and inactions, during the month of September 2011, the Plaintiff, who is a retired United States Capitol Police Sergeant, was denied the opportunity to apply for gainful employment as a Courthouse Security Officer with Inter-Con Security Company, who provides Court house Security for the United States District Court and the District of Columbia Superior Court Systems in Washington, D.C. Specifically, based on the Defendant(s) reporting inaccurate public records information on Plaintiff's credit report regarding a civil judgment being filed, the Plaintiff was automatically disqualified to apply for employment as a courthouse security officer, thereby resulting in a loss of opportunity of approximately $60,000.00 in annual salary.

10. On September 2, 2011, as a result of the Defendant(s) conduct, actions, and inaction, the Plaintiff, who in fact had a good credit history, was unable to secure credit at favorable rates and was denied credit by HSBC Bank, Nevada, N.A. for a GM Credit Card for a 0% interest rate credit card available for balance transfers for 12 months and no annual fees, based on inaccurate public records information being reported on Plaintiff's credit files by the Defendant(s).

11. On December 22, 2011, as a result of the Defendant(s) conduct, actions, and inaction, the Plaintiff, who in fact had a good credit history, was unable to secure credit at favorable rates

and was denied credit by Discover Bank, Wilmington, Delaware for a Discover Credit Card offering a 0% interest rate available for balance transfer for 12 months, 5% cash back and no annual fees, based on inaccurate public records information being reported on Plaintiff's credit file by the Defendant(s).

12. On December 23, 2011, as a result of the Defendant(s) conduct, actions, and inactions, the Plaintiff, who in fact had a good credit history, was unable to secure credit at favorable rates and was denied credit by Chase Bank USA, N.A., Wilmington Delaware for a Chase Sapphire Visa Credit Card for a 0% interest rate credit card available for balance transfers for 6 months, 5% cash back and no annual fees, based on inaccurate public records information being reported on Plaintiff's credit files by Defendant(s).

13. On December 26, 2011, as a result of the Defendant(s) conduct, actions, and inactions, the Plaintiff, who in fact had a good credit history, was unable to secure credit at favorable rates and was denied credit by Citibank, N.A. for a Shell Platinum Select MasterCard offering a 3% interest rate credit card available on balance transfers and no annual fees, based on inaccurate public records information being reported on Plaintiff's credit files by Defendant(s).

14. As a result of Defendant(s) conduct, actions and inactions, the Plaintiff was unable to secure favorable credit privileges. As a result, Plaintiff incurred interest and finance charges relating to credit far in excess of what Plaintiff would have otherwise incurred had Plaintiff been able to secure credit at favorable rates.

15. On January 6, 2012, as a result of Defendant(s) conduct, actions, and inactions, the Plaintiff, who in fact had a good credit history, was denied the opportunity to apply for a pre-approved FHA Streamline Refinanced Mortgage Loan at a low fixed rate with no appraisal, no points, no hassles and with closing of the loan in January 2012, no payments were due until March 2012. Plaintiff's pre-approved loan offer was a firm offer of credit under Federal Law, that was made on Wednesday, January 4, 2012, by Freedom Mortgage, 907 Pleasant Valley Avenue, Mount Laurel, New Jersey 08054, with pre-approval loan number: 553-026-771. Specifically, based on the Defendant(s) reporting inaccurate public records information on Plaintiff's credit report regarding a civil judgment being filed against Plaintiff, Plaintiff was automatically disqualified to apply for the pre-approved mortgage refinancing loan, thereby resulting in a loss of opportunity to save several thousand dollars in interest and a lower monthly mortgage payment.

16. As a result of the Defendant(s) conduct, actions and inaction, the Plaintiff suffered actual damages in the form of additional interest, expense and finance charges as well as extreme mental anguish and emotional distress, humiliation, and damage to Plaintiff's reputation for credit worthiness.

17. The Defendant(s) conduct, actions and inactions were willful, rendering the Defendant(s) liable for punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. S 1681n.

THEREFORE, Plaintiff request judgment against Defendant(s) for compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

Plaintiff request a jury trial.

**COUNT 2 - DEFAMATION**

18. Plaintiff re-allege the allegations set forth in Paragraphs 1 through 17 here-in-above.

19. Between August 25, 2011 and present, Defendant(s) published and disseminated credit reports containing inaccurate public records information, specially regarding a public records entry listing a civil judgment in the amount of $5,085.00 against the Plaintiff.

20. The Defendant(s) published this information in writing to numerous creditors as follows.

21. On September 3, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to SunTrust Bank located at P.O. Box 85526, Richmond, Virginia 23285-5526.

22. On September 14, 2011, True Credit Monitoring System, a wholly owned subsidiary of Trans Union, LLC, sent an alert notification to the Plaintiff stating that Equifax Information Services, LLC reported that a suit or judgment has appeared on Plaintiff's credit report. The notification indicated that Equifax reported that a judgment was filed on September 13, 2011, against the Plaintiff in Prince George's County District Court.

23. On September 27, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Citibank SD NA located at P.O. Box 6241 Sioux Falls, South Dakota 57117-6241.

24. On September 27, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Chase Card Services located at P.O. Box 15298, Wilmington, Delaware 19850.

25. On September 27, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Capital One Card Services located at P.O. Box 30281, Salt Lake City, Utah 84130-0281.

26. On September 27, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Bar Clays Bank Delaware located at P.O. Box 8803, Wilmington, Delaware 19899-8803.

27. On October 9, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Bar Clays Bank Delaware located at P.O. Box 8803, Wilmington, Delaware 19899-8803.

28. On October 19, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Citicards CBNA located at P.O. Box 6241, Sioux Falls, South Dakota 57117-6241.

29. On October 23, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Citicards CBNA located at P.O. Box 6241, Sioux Falls, South Dakota 57117-6241.

30. On October 24, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Citicards CBNA located at P.O. Box 6241, Sioux Falls, South Dakota 57117-6241.

31. On October 24, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Chase Card Services located at P.O. Box 15298, Wilmington, Delaware 19850.

32. On October 24, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Capital One Card Services located at P.O. Box 30281, Salt Lake City, Utah 84130-0281.

33. On October 24, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Bar Clays Bank Delaware located at P.O. Box 8803, Wilmington, Delaware 19899-8803.

34. On November 11, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Bar Clays Bank Delaware located at P.O. Box 8803, Wilmington, Delaware 19899-8803.

35. On December 16, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to GECRB/LOWES located at P.O. Box 965005, Orlando, Florida 32896-5005.

36. On December 23, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Citibank NA located at 701 E 60th St N., Sioux Falls, South Dakota 57104-0432.

37. On December 25, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Chase Bank USA N.A. located at 800 Brooksedge Blvd, Westerville, Ohio 43081-2822.

38. The written publications by the Defendant(s) constitute libel per se.

39. As a direct and proximate result of the Defendant(s) defamation, the Plaintiff has suffered extreme mental anguish, a loss of reputation, and a loss of ability to obtain credit.

40. The Defendant(s) acts were malicious, willful, wanton and to the total disregard of Plaintiff's just rights.

THEREFORE Plaintiff request judgment against Defendant(s) for compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

Plaintiff request a jury trial.

**COUNT 3 - NEGLIGENCE**

41. Plaintiff re-allege the allegations set forth in Paragraph 1 through 40 here-in above.

42. Civil liability for negligent noncompliance (15 U.S.C. S1681o)

(a) In general, Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1) any actual damages sustained by the consumer as a result of the failure;

(2) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

43. The Defendant(s) had a duty of reasonable care not to injure the Plaintiff, privacy, general reputation, or credit reputation.

44. Between August 25, 2011 and present, the Defendant(s) have negligently violated their duty of reasonable care to Plaintiff by continuing to report inaccurate public records information on Plaintiff's credit report regarding a civil judgment in the amount of $5,085.00 being filed against the Plaintiff.

45. As a direct and proximate result of the Defendant(s) negligence, the Plaintiff has suffered extreme mental anguish, a loss of reputation, and a loss of ability to obtain credit.

THEREFORE, Plaintiff has suffered economic and psychological damages as a result of the negligence of Defendant(s) and is entitled to reimbursement and compensation for his injuries.

WHEREFORE, Plaintiff request judgment against Defendant(s) for economic and psychological damages as well as compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

Plaintiff request a jury trial.

46. Plaintiff has repeatedly disputed the accuracy of the information with Defendant, to no avail. Plaintiff sent Defendant dispute letters on three (3) separate occasions requesting that the inaccurate information be removed.

47. The first dispute letter dated August 29, 2011, was sent by Certified U.S. Mail/Return Receipt (7009 1680 0001 2970 4084) requesting the Defendant to investigate Plaintiff's dispute. The dispute letter contained detailed information which clearly identified the correct individual that the negative public records information belonged to, which was the Plaintiff's son, Ronald Lee Richardson.

48. Plaintiff received the signed U.S. Postal Service green card from the Defendant on September 1, 2011.

49. On September 16, 2011, Plaintiff received a reply letter from the Defendant CRA stating that their reinvestigation was completed and that the disputed negative public records information had been verified as belonging to the Plaintiff.

50. On September 18, 2011, Plaintiff send the second dispute letter by Certified U.S. Mail/Return Receipt (7009 1680 0001 2970 4121), again requesting the Defendant to reinvestigate the dispute because the results of their re-investigation was incorrect and unreasonable.

51. Plaintiff received the signed U.S. Postal Service green card from the Defendant on September 22, 2011.

52. Plaintiff never received any return correspondence from the Defendant regarding the second dispute letter.

53. On November 22, 2011, Plaintiff send a third and final dispute letter by Certified U.S. Mail/Return Receipt (7010 3090 0001 0942 0877) requesting the Defendant to reinvestigate the dispute because the results of their previous re-investigations were still incorrect and flawed.

54. Plaintiff received the signed U.S. Postal Service green card from the Defendant on November 26, 2011.

55. On December 15, 2011, Plaintiff telephonically contacted the Defendant's (Equifax Information Services) customer service department, this telephone conversation was taped recorded by Defendant(s) Equifax, and spoke with Customer Service Representative (CSR)

Wilmer regarding the disputed inaccurate public records information listing a civil judgment against the Plaintiff, that was filed in Prince George's County District Court, Court Case Number: **050200323632010**. Equifax CSR Wilmer stated that their reinvestigation revealed that the negative public records information belonged to the Plaintiff and would not be removed. As a result, the inaccurate public records information continues to be reported on Plaintiff's credit report.

56. On December 30, 2011, Plaintiff received a reply letter from the Defendant Equifax Credit Reporting Agency, dated December 21, 2011, regarding the results of a reinvestigation of Plaintiff's current address, **which the Plaintiff never requested in the first place**. The Defendant's reply letter made no mention of Plaintiff's third and final dispute letter dated November 22, 2011, regarding a request to reinvestigate the disputed inaccurate public records information being reported on Plaintiff's credit file.

57. On December 30, 2011, Plaintiff telephonically contacted the Defendant's (Equifax Information Services) customer service department and spoke with **Customer Services Representative (CSR) identified by the name of RED**. The telephone conversation was taped recorded by both the Plaintiff and Equifax's Customer Service Representative, **with two party consent of both the Plaintiff and the Customer Service Representative**. The Defendant's Customer Service Representative Red stated that Equifax CRA did not conduct a reinvestigation of Plaintiff's dispute because the results of their previous reinvestigation verified that the Judgment filed in Prince George's County District Court belonged to the Plaintiff. As a result, inaccurate public records information regarding the civil judgment in the amount of $5,085.00 filed in Prince George's County District Court continues to be reported on Plaintiff's credit reports and to third parties, however.

## FIRST CLAIM FOR RELIEF

### (Negligent Noncompliance with the Fair Credit Reporting Act)

58. Plaintiff re-alleges and incorporates paragraphs 1-57.

59. Defendant Credit Reporting Agency negligently failed to comply with the requirements of Fair Credit Reporting Act, including but not limited to:

    (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC S 1681e(b).
    (b) failing to comply with the requirements in 15 USC S1681i; and
    ©) failing to comply with the requirements in 15 USC S1681g.

60. As a result of Defendant's failure to comply with the requirements of the Fair Credit Reporting Act, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation,

invasion of privacy, degraded social standing, and emotional distress for which Plaintiff seeks damages in an amount to be determined by the jury.

61. Plaintiff requests statutory damages as included in the Fair Credit Reporting Act.

62. Plaintiff requests court costs pursuant to 15 USC S 1681o(a)(1)(2).

## SECOND CLAIM FOR RELIEF

**(Willful Noncompliance with the Fair Credit Report Act)**

63. Plaintiff re-alleges and incorporates paragraphs 1-57.

64. Defendant Credit Report Agency willfully failed to comply with the requirements of the Fair Credit Reporting Act, including but not limited to:

(a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC S1681e(b).
(b) failing to comply with the requirements in 15 USC S1681i; and
(c) failing to comply with the requirements in 15 USC S1681g.

65. As a result of Defendant's failure to comply with the requirements of the Fair Credit Reporting Act, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damages to reputation, degraded social standing, invasion of privacy and emotional distress for which plaintiff seeks damages in an amount to be determined by the jury.

66. Plaintiff request statutory damages as included in the Fair Credit Reporting Act.

67. Plaintiff request court cost pursuant to 15 USC S1681n(a)(3).

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

**On the First Claim for Relief:**

1. Actual damages to be determined by the jury in an amount not to exceed $35,000.00; and
2. Statutory damages as included by the Fair Credit Reporting Act; and
3. Court costs; and

4. Injunctive relief as the Court see fit.

**On the Second Claim for Relief:**

1. Actual damages to be determined by the jury in an amount not to exceed $35,000.00 ; and
2. Punitive damages to be determined by the jury;
3. Statutory damages as included in the Fair Credit Reporting Act; and
4. Injunctive relief as the Court sees fit.

DATED this 17th day of January, 2012.

Respectfully Submitted,

Ronald L. Richardson

Ronald L. Richardson, Pro Se
5005 Celestial Lane
Brandywine, Maryland 20613-4169
Telephone: (301) 579-2650

TRUE COPY

Sharon L. Hancock

TEST: SHARON L. HANCOCK, CLERK

Entity Name EQUIFAX INFORMATION SERVICES LLC
Dept ID # Z06334684

General Information Amendments Personal Property Certificate of Status

| | |
|---|---|
| Principal Office (Current): | 1550 PEACHTREE STREET, NW<br>ATLANTA, GA 30309 |
| Resident Agent (Current) | CSC-LAWYERS INCORPORATING SERVICE COMPA<br>7 ST PAUL STREET, SUITE 1660<br>BALTIMORE, MD 21202 |
| Status. | ACTIVE |
| Good Standing | Yes |
| Business Code | Other |
| Date of Formation or Registration. | 06/08/2001 |
| State of Formation: | GA |
| Stock/Nonstock | N/A |
| Close/Not Close | Unknown |

**Link Definition**

| | |
|---|---|
| General Information | General information about this entity |
| Amendments | Original and subsequent documents filed |
| Personal Property | Personal Property Return Filing Information and Property Assessments |
| Certificate of Status | Get a Certificate of Good Standing for this entity |

**IN THE CIRCUIT COURT OF MARYLAND FOR CHARLES COUNTY**
**200 Charles Street, La Plata, Maryland 20646**

**Ronald L. Richardson,**
**5005 Celestial Lane**
**Brandywine, Maryland 20613-4169**

**Plaintiff**

**Vs** **Case No:** C12-139

**Equifax Information Services, LLC,**
**Richard F. Smith, Chairman and CEO,**
**1550 Peachtree Street, N.W.**
**Atlanta, Georgia 30309,**

**SERVE:** **Resident Agent,**
**CSC - Lawyers Incorporating Service Company**
**7 ST. Paul Street, Suite 1660**
**Baltimore, Maryland 21202**

**Defendant(s)**

**AFFIDAVIT IN SUPPORT OF JUDGMENT**

I, Ronald L. Richardson, affirm under penalty of perjury the following:

1. Plaintiff, Ronald L. Richardson ("Plaintiff") is a consumer as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. S1681a(c).

2. Defendant, Equifax Information Services, LLC, Inc, is a consumer reporting agency (CRA) as defined by Fair Credit Reporting Act 15 U.S.C. S1681a(f).

3. Defendant, Equifax Credit Information Services, Inc. Is a Georgia corporation with its office and principal place of business located within the Northern District of Georgia at 1550 Peachtree Street, Atlanta, Georgia 30309.

4. Defendant's Chairman and Chief Executive Officer of Equifax Information Services, LLC, Inc. (CRA) is identified as **Richard F. Smith.**

5. Plaintiff, Ronald L. Richardson, is a resident of Charles County, Maryland and currently resides at 5005 Celestial Lane, Brandywine, Maryland 20613-4169.

6. Plaintiff files this Complaint in the Circuit Court of Maryland For Charles County under section S 618. Jurisdiction of courts; limitation of actions (15 U.S.C. S 1681p) of the Fair Credit Reporting Act stating an action to enforce any liability created under this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises.

7. Defendant is a consumer reporting agency (CRA) that compiles and maintains files on consumers on a nationwide basis as that term is defined in Section 603(p), 15 U.S.C. S 1681a(p), of the Fair Credit Reporting Act (FCRA).

8. Defendant, Equifax Information Services, LLC ( CRA) reported and disseminated inaccurate credit information to third parties regarding Plaintiff's credit history, specifically regarding a Public Records entry listing a civil judgment in the amount of $5,085.00 filed in Prince George's County District Court on 07/08/2011, Court Case Number: **050200323632010**, against Plaintiff.

**COUNT 1 - LOSS OF OPPORTUNITY**

9. As a result of Defendant(s) conduct, actions, and inactions, during the month of September 2011, the Plaintiff, who is a retired United States Capitol Police Sergeant, was denied the opportunity to apply for gainful employment as a Courthouse Security Officer with Inter-Con Security Company, who provides Court house Security for the United States District Court and the District of Columbia Superior Court Systems in Washington, D.C. Specifically, based on the Defendant(s) reporting inaccurate public records information on Plaintiff's credit report regarding a civil judgment being filed, the Plaintiff was automatically disqualified to apply for employment as a courthouse security officer, thereby resulting in a loss of opportunity of approximately $60,000.00 in annual salary.

10. On September 2, 2011, as a result of the Defendant(s) conduct, actions, and inaction, the Plaintiff, who in fact had a good credit history, was unable to secure credit at favorable rates and was denied credit by HSBC Bank, Nevada, N.A. for a GM Credit Card for a 0% interest rate credit card available for balance transfers for 12 months and no annual fees, based on inaccurate public records information being reported on Plaintiff's credit files by the Defendant(s).

11. On December 22, 2011, as a result of the Defendant(s) conduct, actions, and inaction, the Plaintiff, who in fact had a good credit history, was unable to secure credit at favorable rates and was denied credit by Discover Bank, Wilmington, Delaware for a Discover Credit Card offering a 0% interest rate available for balance transfer for 12 months, 5% cash back and no annual fees, based on inaccurate public records information being reported on Plaintiff's credit file by the Defendant(s).

12. On December 23, 2011, as a result of the Defendant(s) conduct, actions, and inactions, the Plaintiff, who in fact had a good credit history, was unable to secure credit at favorable rates and was denied credit by Chase Bank USA, N.A., Wilmington Delaware for a Chase Sapphire Visa Credit Card for a 0% interest rate credit card available for balance transfers for 6 months, 5% cash back and no annual fees, based on inaccurate public records information being reported on Plaintiff's credit files by Defendant(s).

13. On December 26, 2011, as a result of the Defendant(s) conduct, actions, and inactions, the Plaintiff, who in fact had a good credit history, was unable to secure credit at favorable rates and was denied credit by Citibank, N.A. for a Shell Platinum Select MasterCard offering a 3% interest rate credit card available on balance transfers and no annual fees, based on inaccurate public records information being reported on Plaintiff's credit files by Defendant(s).

14. As a result of Defendant(s) conduct, actions and inactions, the Plaintiff was unable to secure favorable credit privileges. As a result, Plaintiff incurred interest and finance charges relating to credit far in excess of what Plaintiff would have otherwise incurred had Plaintiff been able to secure credit at favorable rates.

15. On January 6, 2012, as a result of Defendant(s) conduct, actions, and inactions, the Plaintiff, who in fact had a good credit history, was denied the opportunity to apply for a pre-approved FHA Streamline Refinanced Mortgage Loan at a low fixed rate with no appraisal, no points, no hassles and with closing of the loan in January 2012, no payments were due until March 2012. Plaintiff's pre-approved loan offer was a firm offer of credit under Federal Law, that was made on Wednesday, January 4, 2012, by Freedom Mortgage, 907 Pleasant Valley Avenue, Mount Laurel, New Jersey 08054, with pre-approval loan number: 553-026-771. Specifically, based on the Defendant(s) reporting inaccurate public records information on Plaintiff's credit report regarding a civil judgment being filed against Plaintiff, Plaintiff was automatically disqualified to apply for the pre-approved mortgage refinancing loan, thereby resulting in a loss of opportunity to save several thousand dollars in interest and a lower monthly mortgage payment.

16. As a result of the Defendant(s) conduct, actions and inaction, the Plaintiff suffered actual damages in the form of additional interest, expense and finance charges as well as extreme mental anguish and emotional distress, humiliation, and damage to Plaintiff's reputation for credit worthiness.

17. The Defendant(s) conduct, actions and inactions were willful, rendering the Defendant(s) liable for punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. S 1681n.

THEREFORE, Plaintiff request judgment against Defendant(s) for compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

Plaintiff request a jury trial.

**COUNT 2 - DEFAMATION**

18. Plaintiff re-allege the allegations set forth in Paragraphs 1 through 17 here-in-above.

19. Between August 25, 2011 and present, Defendant(s) published and disseminated credit reports containing inaccurate public records information, specially regarding a public records entry listing a civil judgment in the amount of $5,085.00 against the Plaintiff.

20. The Defendant(s) published this information in writing to numerous creditors as follows.

21. On September 3, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to SunTrust Bank located at P.O. Box 85526, Richmond, Virginia 23285-5526.

22. On September 14, 2011, True Credit Monitoring System, a wholly owned subsidiary of Trans Union, LLC, sent an alert notification to the Plaintiff stating that Equifax Information Services, LLC reported that a suit or judgment has appeared on Plaintiff's credit report. The notification indicated that Equifax reported that a judgment was filed on September 13, 2011, against the Plaintiff in Prince George's County District Court.

23. On September 27, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Citibank SD NA located at P.O. Box 6241 Sioux Falls, South Dakota 57117-6241.

24. On September 27, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Chase Card Services located at P.O. Box 15298, Wilmington, Delaware 19850.

25. On September 27, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Capital One Card Services located at P.O. Box 30281, Salt Lake City, Utah 84130-0281.

26. On September 27, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Bar Clays Bank Delaware located at P.O. Box 8803, Wilmington, Delaware 19899-8803.

27. On October 9, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Bar Clays Bank Delaware located at P.O. Box 8803, Wilmington, Delaware 19899-8803.

28. On October 19, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Citicards CBNA located at P.O. Box 6241, Sioux Falls, South Dakota 57117-6241.

29. On October 23, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Citicards CBNA located at P.O. Box 6241, Sioux Falls, South Dakota 57117-6241.

30. On October 24, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Citicards CBNA located at P.O. Box 6241, Sioux Falls, South Dakota 57117-6241.

31. On October 24, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Chase Card Services located at P.O. Box 15298, Wilmington, Delaware 19850.

32. On October 24, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Capital One Card Services located at P.O. Box 30281, Salt Lake City, Utah 84130-0281.

33. On October 24, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Bar Clays Bank Delaware located at P.O. Box 8803, Wilmington, Delaware 19899-8803.

34. On November 11, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Bar Clays Bank Delaware located at P.O. Box 8803, Wilmington, Delaware 19899-8803.

35. On December 16, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to GECRB/LOWES located at P.O. Box 965005, Orlando, Florida 32896-5005.

36. On December 23, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Citibank NA located at 701 E 60th St N., Sioux Falls, South Dakota 57104-0432.

37. On December 25, 2011, Defendant(s) disseminated a copy of Plaintiff's credit report containing inaccurate public records information to Chase Bank USA N.A. located at 800 Brooksedge Blvd, Westerville, Ohio 43081-2822.

38. The written publications by the Defendant(s) constitute libel per se.

39. As a direct and proximate result of the Defendant(s) defamation, the Plaintiff has suffered extreme mental anguish, a loss of reputation, and a loss of ability to obtain credit.

40. The Defendant(s) acts were malicious, willful, wanton and to the total disregard of Plaintiff's just rights.

THEREFORE Plaintiff request judgment against Defendant(s) for compensatory damages plus costs

and fees and respectfully ask this Court for leave to move for punitive damages.

Plaintiff request a jury trial.

**COUNT 3 - NEGLIGENCE**

41. Plaintiff re-allege the allegations set forth in Paragraph 1 through 40 here-in above.

42. Civil liability for negligent noncompliance (15 U.S.C. S1681o)

(a) In general, Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1) any actual damages sustained by the consumer as a result of the failure;

(2) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

43. The Defendant(s) had a duty of reasonable care not to injure the Plaintiff, privacy, general reputation, or credit reputation.

44. Between August 25, 2011 and present, the Defendant(s) have negligently violated their duty of reasonable care to Plaintiff by continuing to report inaccurate public records information on Plaintiff's credit report regarding a civil judgment in the amount of $5,085.00 being filed against the Plaintiff.

45. As a direct and proximate result of the Defendant(s) negligence, the Plaintiff has suffered extreme mental anguish, a loss of reputation, and a loss of ability to obtain credit.

THEREFORE, Plaintiff has suffered economic and psychological damages as a result of the negligence of Defendant(s) and is entitled to reimbursement and compensation for his injuries.

WHEREFORE, Plaintiff request judgment against Defendant(s) for economic and psychological damages as well as compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

Plaintiff request a jury trial.

46. Plaintiff has repeatedly disputed the accuracy of the information with Defendant, to no avail. Plaintiff sent Defendant dispute letters on three (3) separate occasions requesting that the inaccurate information be removed.

47. The first dispute letter dated August 29, 2011, was sent by Certified U.S. Mail/Return Receipt (7009 1680 0001 2970 4084) requesting the Defendant to investigate Plaintiff's dispute. The dispute letter contained detailed information which clearly identified the correct individual that the negative public records information belonged to, which was the Plaintiff's son, Ronald Lee Richardson.

48. Plaintiff received the signed U.S. Postal Service green card from the Defendant on September 1, 2011.

49. On September 16, 2011, Plaintiff received a reply letter from the Defendant CRA stating that their reinvestigation was completed and that the disputed negative public records information had been verified as belonging to the Plaintiff.

50. On September 18, 2011, Plaintiff send the second dispute letter by Certified U.S. Mail/Return Receipt (7009 1680 0001 2970 4121), again requesting the Defendant to reinvestigate the dispute because the results of their re-investigation was incorrect and unreasonable.

51. Plaintiff received the signed U.S. Postal Service green card from the Defendant on September 22, 2011.

52. Plaintiff never received any return correspondence from the Defendant regarding the second dispute letter.

53. On November 22, 2011, Plaintiff send a third and final dispute letter by Certified U.S. Mail/Return Receipt (7010 3090 0001 0942 0877) requesting the Defendant to reinvestigate the dispute because the results of their previous re-investigations were still incorrect and flawed.

54. Plaintiff received the signed U.S. Postal Service green card from the Defendant on November 26, 2011.

55. On December 15, 2011, Plaintiff telephonically contacted the Defendant's (Equifax Information Services) customer service department, this telephone conversation was taped recorded by Defendant(s) Equifax, and spoke with Customer Service Representative (CSR) Wilmer regarding the disputed inaccurate public records information listing a civil judgment against the Plaintiff, that was filed in Prince George's County District Court, Court Case Number: **050200323632010**. Equifax CSR Wilmer stated that their reinvestigation revealed that the negative public records information belonged to the Plaintiff and would not be removed. As a result, the inaccurate public records information continues to be reported on Plaintiff's credit report.

56. On December 30, 2011, Plaintiff received a reply letter from the Defendant Equifax Credit Reporting Agency, dated December 21, 2011, regarding the results of a reinvestigation of Plaintiff's current address, **which the Plaintiff never requested in the first place**. The Defendant's reply letter made no mention of Plaintiff's third and final dispute letter dated November 22, 2011, regarding a request to reinvestigate the disputed inaccurate public records information being reported on Plaintiff's credit file.

57. On December 30, 2011, Plaintiff telephonically contacted the Defendant's (Equifax Information Services) customer service department and spoke with **Customer Services Representative (CSR) identified by the name of RED**. The telephone conversation was taped recorded by both the Plaintiff and Equifax's Customer Service Representative, **with two party consent of both the Plaintiff and the Customer Service Representative**. The Defendant's Customer Service Representative Red stated that Equifax CRA did not conduct a reinvestigation of Plaintiff's dispute because the results of their previous reinvestigation verified that the Judgment filed in Prince George's County District Court belonged to the Plaintiff. As a result, inaccurate public records information regarding the civil judgment in the amount of $5,085.00 filed in Prince George's County District Court continues to be reported on Plaintiff's credit reports and to third parties.

58. Plaintiff re-alleges and incorporates paragraphs 1-57.

59. As a direct result of Defendant's failure to comply with the requirements of the Fair Credit Reporting Act, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, degraded social standing, and emotional distress for which Plaintiff seeks damages in an amount to be determined by the jury.

I declare under penalty of perjury under the laws of the State of Maryland that the foregoing is true and correct to the best of the affiant's knowledge.

DATED this 17th day of January, 2012.

Respectfully Submitted,

**TRUE COPY**

Sharon L. Hancock

**TEST: SHARON L. HANCOCK, CLERK**

Ronald L. Richardson

Ronald L. Richardson, Affiant
5005 Celestial Lane
Brandywine, Maryland 20613-4169
Telephone: (301) 579-2650